**Ruth HOPPE, Plaintiff,**

v.

**G.D. SEARLE & COMPANY,
a Delaware Corporation,
Defendant.**

**No. 88 Civ. 2558 (JFK).**

United States District Court,
S.D. New York.

Nov. 25, 1991.

See also 779 F.Supp. 1413.

Harvey L. Kaplan, Shook, Hardy & Bacon, Kansas City, Mo., and Garrett P. Lewis, Bower & Gardner, New York City, for defendant G.D. Searle & Co.

William Dinkes, Dinkes & Morelli and Sybil Shainwald, New York City, for plaintiff Ruth Hoppe.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge:

Plaintiff chose the second week of trial in this action to file a motion requesting that defendant be collaterally estopped from relitigating the issues of intentional misrepresentation and false advertising that constitute counts two and six of the complaint. Notwithstanding the peculiar timing of this motion, the Court has entertained the application. For the reasons that follow, plaintiff's motion is denied.

Plaintiff bases her collateral estoppel argument on the jury verdict rendered in a prior Cu–7 case, *Kociemba v. G.D. Searle & Co.*, Civ. No. 3–85–1599, 1988 WL 119676 (D.Minn.1988). The jury in that case found that Searle had intentionally misrepresented the risks associated with the Cu–7 and that it had falsely advertised the product. Plaintiff argues that those determinations should be given preclusive effect in this case.

## DISCUSSION

When issues have been previously determined in a diversity action, federal standards govern the preclusive effect of the prior judgment on a subsequent diversity action. *See Kern v. Hettinger*, 303 F.2d 333, 340 (2d Cir.1962); *Stovall v. Price Waterhouse Co.*, 652 F.2d 537 (5th Cir. 1981). Because *Kociemba* was a diversity action, *see Kociemba v. G.D. Searle & Co.*, 707 F.Supp. 1517 (D.Minn.1989), federal standards determine whether collateral estoppel may be asserted in this case.

Collateral estoppel has the twin purposes of "protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); *see Tillman v. National City Bank of New York*, 118 F.2d 631, 634, *cert. denied*, 314 U.S. 650, 62 S.Ct. 96, 86 L.Ed. 521 (1941). Historically, collateral estoppel was used "de-

fensively": a party who had had a full and fair opportunity to litigate an issue determined by a prior judgment was estopped from relitigating the same issue in a subsequent action against a different defendant. *Parklane* extended the application of collateral estoppel from purely "defensive" to "offensive" use. Thus, a person not a party to the first action could seek to establish a claim against a person who had been a party to the prior action. The Court observed that permitting a stranger to the prior action to establish a claim against a person who had been a party may well be unfair. *See* 439 U.S. at 331–32, 99 S.Ct. at 651–52. Nonetheless, rather than precluding every use of offensive collateral estoppel, the Court preferred to leave to the trial court wide latitude in protecting against unfairness:

> the preferable approach ... is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied. The general rule should be that in cases where ... the application of collateral estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel.

*Id.* at 331, 99 S.Ct. at 651–52.

The *Parklane* Court enumerated several situations in which a trial court might appropriately preclude the application of collateral estoppel. The situation most relevant to this case is where the estoppel is based on one of a number of conflicting judgments. As an illustration, the Court cited Professor Currie's "familiar" fact pattern of an accident producing multiple injuries, for which the defendant is sued seriatim by a number of plaintiffs; the defendant successfully defends the first suits, then loses one, and the remaining plaintiffs seek to use the lone judgment against the defendant as an estoppel in the remaining suits. *See* 439 U.S. at 330 n. 14, 99 S.Ct. at 651 n. 14 (citing Currie, *Mutuality of Estoppel: Limits of the Bernhard Doctrine*, 9 Stan.L.Rev. 281, 304 (1957). This example parallels the case at bar.

■ As defendant points out, G.D. Searle has won 16 of the 20 Cu–7 suits that have reached juries. *See* Def.Opp. at 16. Because there have been conflicting judgments, this Court finds that it would be inequitable to allow plaintiff to rely on one of the few plaintiff's verdicts to preclude Searle from litigating counts two and six of the complaint. *See, e.g., In re Bendectin Products Liability Litigation,* 749 F.2d 300, 305 (6th Cir.1984) (offensive collateral estoppel inappropriate in mass-tort litigation); *Setter v. A.H. Robins Co.,* 748 F.2d 1328, 1330 (8th Cir.1984) (upholding trial court's refusal to apply offensive collateral estoppel because defendant IUD manufacturer had prevailed in 12 of 21 prior cases); *Harrison v. Celotex,* 583 F.Supp. 1497, 1503 (E.D.Tenn.1984) (refusing to allow collateral estoppel where there were prior inconsistent judgments).

Further, the misrepresentation and deceptive trade practice claims are necessarily fact-driven, involving different physicians with different training and experience. The *Kociemba* jury made specific findings about Mrs. Kociemba's inserting and treating physician, Dr. Scanlon, based largely on his extensive testimony, and rendered its verdict based on those findings. That jury did not hear any testimony from or about Ruth Hoppe's inserting physician, Dr. Sloan. To grant preclusive effect to the *Kociemba* jury's fact-specific determinations would essentially permit that jury to hold that every physician in the United States who ever inserted a Cu–7 actually relied on misrepresentations that Searle was found to have made to Dr. Scanlon. Such a result would be preposterous. The jury in this case will not be deprived of its right to determine the facts surrounding Dr. Sloan's 1978 decision to insert Ruth Hoppe's Cu–7.

Plaintiff's motion to preclude defendant from relitigating counts two and six of the complaint is therefore denied.

SO ORDERED.